IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00159-BNB

ALVIN DANA SHEPHERD,

     Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

     Defendant.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

     Plaintiff, Alvin Dana Shepherd, currently resides in Denver.  Plaintiff, acting *pro se*, initiated this action by filing a complaint.  The Court must construe the complaint liberally because Plaintiff is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as a *pro se* litigant's advocate.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, Mr. Shepherd will be ordered to file an amended complaint.

     The complaint Mr. Shepherd filed is hard to decipher because it is single-spaced and his handwriting is difficult to read.  Rule 10.1 of the Local Rules of Practice for this Court requires that all papers filed in cases in this Court be double-spaced and legible.  *See* D.C.COLO.LCivR 10.1E. and G.  The amended complaint Mr. Shepherd be directed to file, if handwritten, shall be double-spaced and written legibly, in capital and lower-case letters.

Mr. Shepherd's amended complaint also fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).  Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.

Mr. Shepherd fails to set forth a short and plain statement of the grounds on which the Court's jurisdiction depends.  In other words, he fails to cite clearly to the statutory authority that allows this Court to consider any claims he may be asserting in this action.  He also fails to provide a short and plain statement of his claims showing that he is entitled to relief.  In fact, he fails to assert any claims, providing instead either background or irrelevant information.  Lastly, he fails to provide a demand for relief that the Court can provide.

Neither the Court nor the defendant is required to guess in order to determine the

2

claims Mr. Shepherd is asserting.  The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

A decision to dismiss a pleading pursuant to Rule 8 is within the trial court's sound discretion.  *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969).  The Court finds that the complaint does not meet the requirements of Fed. R. Civ. P. 8 and that Mr. Shepherd should be given an opportunity to file an amended complaint.  Therefore, Mr. Shepherd will be ordered to file an amended complaint that complies with the pleading requirements of Rule 8 if he wishes to pursue his claims in this action.  Mr. Shepherd is advised that it is his responsibility to present his claims clearly and concisely in a manageable format that allows the Court and the defendant to know what claims are being asserted and to be able to respond to those claims.

Accordingly, it is

ORDERED that Plaintiff, Alvin Dana Shepherd, file, **within thirty days from the date of this order**, an amended complaint that complies with Rule 10.1 of the Local Rules of Practice for this Court and Rule 8 of the Federal Rules of Civil Procedure.  It is

FURTHER ORDERED that Mr. Shepherd shall obtain the Court-approved complaint form, along with the applicable instructions, at www.cod.uscourts.gov for use in filing the amended complaint.  It is

FURTHER ORDERED that if Plaintiff fails within the time allowed to file an

3

amended complaint that complies with this order, the complaint and the action will be dismissed without further notice.

DATED February 7, 2012, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge